IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL SANCHEZ, on behalf of himself and all other persons similarly situated, known and unknown, ) ) ) ) | ) |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| ROKA AKOR CHICAGO LLC, ) | Magistrate Judge |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Manuel Sanchez, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys and for his complaint against Defendant Roka Akor Chicago LLC (hereafter "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly-situated current and former tipped employees their earned minimum wages. Plaintiff and the persons he seeks to represent are current and former tipped employees working in Defendant's restaurants, located in the Chicago metropolitan area and across the United States.

2. Defendant pays its servers and other tipped employees a sub-minimum hourly wage under the tip-credit provisions of the FLSA and IMWL. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, if employers comply

1

with other requirements of the tip-credit provisions. Defendant disregarded those requirements, and its failure to pay minimum wages violated federal and state minimum wage laws.

3. Defendant denied Plaintiff and the persons he seeks to represent their earned minimum wages by, among other actions (a) failing to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; and (b) utilizing tips paid by customers to tipped employees for Defendant's own purposes, including distributing tips to non-tipped employees.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**THE PARTIES**

6. Plaintiff resides in and is domiciled within this judicial district.

7. Defendant Roka Akor Chicago LLC operates a restaurant in Chicago, Illinois.

8. Additional Roka Akor restaurants are located in Skokie, Illinois, San Francisco, California, and Scottsdale, Arizona and, upon information and belief, are operated by Roka Akor Old Orchard LLC, Roka Akor San Francisco LLC, and Roka Restaurants LLC, respectively.

9. Defendant Roka Akor Chicago LLC and Roka Akor Old Orchard LLC, Roka Akor San Francisco LLC, and Roka Akor Restaurants LLC, are engaged in related activities performed for a common business purpose, through unified operation or common control.

10. Defendant Roka Akor Chicago LLC and Roka Akor Old Orchard LLC, Roka Akor San Francisco LLC, and Roka Akor Restaurants LLC operate as a common "enterprise" as

defined by the FLSA, 29 U.S.C. §203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

11. Defendant's employees are engaged in interstate commerce, and the annual gross volume of sales made or business done by Roka Akor restaurants exceeds $500,000, exclusive of excise taxes.

12. Plaintiff worked for Defendant as a server at the Roka Akor Chicago, Illinois restaurant between June 2011 and June 2014.

13. During the prior three (3) years, Plaintiff was Defendant's "employee" as that term is defined by the IMWL, 820 ILCS 105/3(d), and the FLSA, 29 U.S.C. §203(d).

14. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

15. During his employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL and the FLSA.

16. During the course of his employment by Defendant, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### Section 216(b) Collective Action

17. Plaintiff incorporates the paragraphs set forth above.

18. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for its failure to pay minimum wages to Plaintiff and other current and former tipped employees working at its restaurants across the United States.

19. Plaintiff brings this claim as a collective action under Section 16(b) of the FLSA. 29 U.S.C. §216(b). A copy of Plaintiff's consent form is attached hereto as Exhibit A.

20. Plaintiff and other current and former tipped employees were not exempt from the minimum wage provisions of the FLSA.

21. Plaintiff and other current and former tipped employees were paid by Defendant at a tip-credit hourly rate less than the full applicable minimum wage.

22. An employer may lawfully pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). Among other requirements, the tip-credit provision does not apply unless an employee is a "tipped employee," the employer has informed the employee of the provisions of the tip-credit subsection, and the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

23. Although Defendant took the tip-credit by paying Plaintiff and other tipped employees less than the applicable full minimum hourly wage, Defendant did not inform tipped employees of the provisions of the tip-credit subsection.

24. In addition, Defendant took a portion of the tips given by patrons to tipped employees and distributed those tips to non-tipped employees, including kitchen and other "back of the house" employees. See Exhibit B.

25. Defendant's failure to comply with the minimum wage requirements of the FLSA regarding the tip-credit, and consequently, Defendant's failure to pay minimum wages to Plaintiff and other similarly-situated employees, violated the Act.

26. Defendant's violations of the FLSA were willful.

27. Plaintiff and other similarly-situated persons are due unpaid minimum wages and liquidated damages, pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    judgment in the amount of the owed minimum wages for all time worked by Plaintiff and similarly-situated persons;

B.    liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.    reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.    such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### Class Action

28.    Plaintiff incorporates the paragraphs set forth above.

29.    This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiff and the class of tipped employees that he seeks to represent all earned minimum wages.

30.    Plaintiff seeks to represent a class of other current and former employees of Defendant's Illinois restaurants who are due, and who have not been paid, minimum wages under the provisions of the IMWL. Plaintiff brings this Count II as a class action under Rule 23(b)(3). Fed.R.Civ.P. 23(b)(3).

31.    Defendant has employed more than forty (40) individuals in tipped positions in the State of Illinois the last three (3) years.

32.    Plaintiff and other similarly-situated persons were employed by Defendant in Illinois as tipped employees, and Defendant paid them at an hourly rate less than the minimum wage.

33.    This Count II is brought as a class action because the proposed class members similarly-situated to Plaintiff are so numerous that joinder of all members is impracticable.

Plaintiff therefore brings this action on his own behalf and on behalf of other aggrieved employees, in his representative capacity, against Defendant.

34. Plaintiff and other tipped employees are equally affected by Defendant's minimum wage violations, and the relief sought is for the benefit of the individually-named Plaintiff and the class that Plaintiff seeks to represent.

35. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

36. Plaintiff and the proposed class of tipped employees on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

37. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

38. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendant. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

39. Defendant violated the IMWL by failing to compensate Plaintiff and members of the class consistent with the minimum wage provisions.

40. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

6

WHEREFORE, Plaintiff and the class pray for judgment against Defendant as follows:

A      judgment in the amount of all unpaid minimum wages due as provided by the Illinois Minimum Wage Law;

B.     prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.     an injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E.     such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY ON ALL COUNTS.**

Dated: June 19, 2014

Respectfully submitted,

<u>s/Douglas M. Werman</u>
One of the Attorneys for Plaintiff

Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas- msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312-419-1008