IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL SANCHEZ, | ) | |
|     Plaintiff, | ) | Case No. 14 C 4645 |
| | ) | |
|     v. | ) | Judge Joan B. Gottschall |
| | ) | |
| ROKA AKOR CHICAGO LLC, | ) | |
|     Defendant. | ) | |

## ORDER

Plaintiff Manuel Sanchez's motion to strike defendant Roka Akor's affirmative defenses [25] is before the court. The motion is granted in part and denied in part. Specifically, the following affirmative defenses are stricken: 1 (failure to state a claim for which relief may be granted); 2 (laches, unclean hands, and/or avoidable consequences); 6 (collective proceedings); 7 (statute of limitations); 8 (prior payment); 10 (supplemental jurisdiction over state law claim); 12 (class certification); 14 (exclusions, exceptions, or credits); 16 (exhaustion); 17 (joinder); and 18 (jury demand). The following affirmative defenses survive the motion to strike: 3 (offset); 11 (preemption of state law claim); 13 (Portal-to-Portal Act); and 15 (de minimis non curat lex). Roka Akor is granted leave to replead its affirmative defenses by January 30, 2015, consistent with this order.

## STATEMENT

Sanchez is a former server in the Roka Akor Japanese restaurant's location in Chicago's River North neighborhood. He alleges that Roka Akor violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105/1, *et seq.*, by failing to pay him and similarly situated tipped employees minimum wages. Sanchez's complaint is styled as a class action on behalf of similarly situated

employees who work in Roka Akor restaurants across the United States. In the motion presently before the court, Sanchez seeks to strike fifteen of Roka Akor's nineteen affirmative defenses.

**A.      Standard of Review**

"The purpose of an affirmative defense is to "raise new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1064 (N.D. Ill. 2013) (internal quotations and alterations omitted). Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. *See, e.g., Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

When considering a motion to strike an affirmative defense, the court uses the standard governing motions to dismiss pursuant to Rule 12(b)(6). *Id.* "The Seventh Circuit has not yet determined whether the more stringent pleading standard for complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 127 S.Ct. 1937 (2009), also applies to affirmative defenses." *Malibu Media, LLC v. Tashiro*, No. 1:13-CV-205-WTL-MJD, 2014 WL 488810, at *1 n.1 (S.D. Ind. Oct. 29, 2014). District courts in the Seventh Circuit have not all applied the *Twombly/Iqbal* standard. *Cf. F.D.I.C. v. Vann*, No. 11 C 3491, 2013 WL 704478, at *3 n.7 (N.D. Ill. Jan. 23, 2013); (applying *Twombly/Iqbal* standard to affirmative defenses); *Tashiro*, 2014 WL 488810, at *1 n.1 (applying the more liberal pre-*Twombly/Iqbal* standard due to the lack of express Seventh Circuit authority). There is no need to delve into this issue as the result is the same under both standards.

Moreover, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey*

*Powder Co.*, Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, each affirmative defense must contain a "short and plain statement" supporting that defense. *Id*. (citing Fed. R.Civ. P. 8(a)). Conclusory affirmative defenses are insufficient. *See id*.

B.     **The Challenged Affirmative Defenses**

    1.     **The Complaint Fails to State a Claim for Which Relief May Be Granted**

Roka Akor's first affirmative defense is that "[t]he Complaint, and each claim purported to be alleged therein, fails to allege sufficient facts to state a claim upon which relief can be granted." This so-called "affirmative defense" is procedurally deficient. If Roka Akor wanted to pursue this argument, it should have filed a motion to dismiss pursuant to Rule 12(b)(6) that contained specific arguments and authority supporting its assertion that the complaint fails to state a claim under the FLSA and/or the IMWL. The motion to strike is granted.

    2.     **Laches, Unclean Hands, And/or Avoidable Consequences**

Roka Akor's second affirmative defense is that the doctrines of "laches, unclean hands, and/or avoidable consequences" bar Sanchez's claims. This affirmative defense is conclusory and leaves Sanchez and the court guessing as to which defense is allegedly applicable and why. The motion to strike is granted.

    3.     **Offset**

Roka Akor's third affirmative defense is that "[t]o the extent that [Sanchez] and putative collective and/or class action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award that they receive here for the same injury." The parties disagree as to whether Roka Akor must include specific factual allegations identifying what

monies purportedly offset any damages awarded in this case. The court finds that the third affirmative defense sufficiently puts Sanchez on notice that Roka Akor will offset damages to the extent that the as yet undeveloped factual record show that this is appropriate. The motion to strike is denied.

### 4. Collective Proceedings

Roka Akor's sixth affirmative defense is that Sanchez "cannot meet the requirements necessary to proceed collectively under 29 U.S.C.n§ 216(b) because, inter alia, [he] is not similarly situated to others whom he seeks to represent." Roka Akor does not dispute that its sixth affirmative defense is consistent with its denial of Sanchez's claims. It urges the court to deny the motion to strike the sixth affirmative defense because the collective action requirement will be at issue regardless of the outcome of the motion to strike. The court finds that the sixth affirmative defense adds nothing to this case, other than a reason to engage in motions practice that is an inefficient use of the parties' and the court's time. The impetus to file a motion to strike an affirmative defense that Roka Akor agrees is unnecessary is reason enough to strike that affirmative defense. The motion to strike is granted.

### 5. Statute of Limitations

Roka Akor's seventh affirmative defense is that Sanchez's "claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, 29 U.S.C. § 255. Further, the applicability of the statutes of limitations require[s] individualized determinations for each putative member of the purported class or collective action, thereby precluding class-wide resolution of [Sanchez's] claims." Sanchez asserts that this affirmative defense is insufficient because it fails to contain any facts indicating that his claims are untimely. Roka

Akor need not plead hypertechnical facts in support of its claim that Sanchez's claims are potentially time-barred. But something more than a bald assertion about the statute of limitations is necessary. This is especially true given that Roka Akor is claiming that the court should not certify the putative class due to unspecified statute of limitations issues. The motion to strike is granted.

### 6. Prior Payment

Roka Akor's eighth affirmative defense is that Sanchez "is precluded by payment from recovering any amounts from [Roka Akor] where [Roka Akor] has paid [him] all sums legally due under Applicable Law." In Roka Akor's answer, it denies that it was required to pay Sanchez minimum wage because he was a tipped employee. Thus, the eighth affirmative defense duplicates denials in Roka Akor's answer and is, therefore, unnecessary. The motion to strike is granted.

### 7. Supplemental Jurisdiction Over State Law Claim

Roka Akor's tenth affirmative defense is that "[t]he Court should not exercise supplemental jurisdiction over Plaintiff's Illinois state law claim." Roka Akor again provides no factual allegations in support of its affirmative defense. Moreover, in its answer to the complaint, Roka Akor specifically denies that the court may exercise supplemental jurisdiction over Sanchez's state law claim. The motion to strike is granted.

### 8. Preemption of State Law Claim

Roka Akor's eleventh affirmative defense is that Sanchez's "Illinois state law claim cannot proceed as a class action under the Federal Rules of Civil Procedure because the FLSA and its collective action procedure mechanism preempt state law that might otherwise permit

class action treatment." Preemption is a legal issue that cannot be resolved at this stage of the proceedings. The motion to strike is denied.

9. **Class Certification**

Roka Akor's twelfth affirmative defense is that Sanchez "cannot meet or satisfy the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure including, but not limited to: class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of community of interest among the putative class; and because class certification is inappropriate due to [Roka Akor's] lawful policies and conduct." In its answer, Roka Akor repeatedly denies that class certification is warranted. The twelfth affirmative defense is thus duplicative of Roka Akor's answer. It is also clear that class certification is best addressed in the context of a motion that Roka Akor will be able to oppose regardless of the presence of its single-sentence class certification affirmative defense. The motion to strike is granted.

10. **Portal-to-Portal Act**

Roka Akor's thirteenth affirmative defense is that Sanchez's "claims are barred, in whole or in part, by provisions of the Portal-to-Portal Act, 27 U.S.C. §§ 258-60, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA." Sanchez asks the court to strike the thirteenth affirmative defense but neither side mentions this defense in the body of its brief as they both skip from the twelfth affirmative defense to the fourteenth affirmative defense. As the basis of this portion of Sanchez's motion to strike is unclear, it is denied.

**11.     Exclusions, Exceptions, or Credits**

Roka Akor's fourteenth affirmative defense is that Sanchez's "claims are barred, in whole or in part, to the extent that the work he performed at issue falls within exclusions, exceptions, or credits provided for under Applicable Law." In support of this affirmative defense, Roka Akor asserts that Sanchez is on "fair notice" that it is referring to the FLSA. Because the FLSA and IMWL are at issue in this case, the FLSA is a reasonable guess. But the court will not require Sanchez to speculate about the identity of the law that is the subject of the fourteenth affirmative defense or what portions of that law are at issue. The motion to strike is granted.

**12.     De Minimis non Curat Lex**

Roka Akor's fifteenth affirmative defense is that Sanchez's "claims are barred, in whole or in part, by the doctrine of de minimis non curat lex." This doctrine, translated, means that "the law does not take account of trifles." *Sandifer v. United States Steel Corp.*, — U.S. —, 134 S.Ct. 870 (2014). In the FLSA context, it means that compensation for de minimis work is not always required. *See id*. Roka Akor does not provide any specific facts indicating what de minimis work is the subject of this affirmative defense. However, this defense is necessarily based on facts that have not yet been developed. Discovery will reveal what, if any, non-tipped work is potentially within the scope of this affirmative defense. The motion to strike is denied.

**13.     Exhaustion**

Roka Akor's sixteenth affirmative defense is that Sanchez's "claims are barred, in whole or in part, by his failure to exhaust his contractual remedies." What contractual remedies did Sanchez allegedly fail to exhaust? Without this key piece of information, Sanchez cannot make

any substantive arguments about exhaustion and the court cannot ascertain if the purported failure to exhaust unspecified remedies bars any of Sanchez's claims.  In response, as with many of its other affirmative defenses, Roka Akor asserts that it provided fair notice of the basis of this defense.  The court disagrees.  The motion to strike is granted.

### 14. Joinder

Roka Akor's seventeenth affirmative defense is that Sanchez's "claims are barred, in whole or in part, because [he] failed to join all necessary parties."  Roka Akor once again attempts to justify this affirmative defense by claiming that Sanchez is on fair notice of its basis.  However, the court agrees with Sanchez that the identity of the allegedly necessary parties is a mystery.  Moreover, it is unclear why Sanchez – who purports to be a member of the class he seeks to represent and alleges that he is a former Roka Akor employee who did not receive earned minimum wage under the FLSA and the IMWL – is inadequate on the plaintiff's side of the ledger. Similarly, it is unclear why Roka Akor – the employer – is inadequate as the sole defendant.  The court expresses no opinion as to whether any other parties are necessary.  But to the extent that they are, a boilerplate affirmative defense about joinder that leaves Sanchez and the court in the dark is insufficient.  The motion to strike is granted.

### 15. Jury Trial on Legal Matters

Roka Akor's eighteenth affirmative defense is that Sanchez "is not entitled to a jury trial on matters of law."  A challenge to a jury demand contained in an affirmative defense is "improper" as a party must challenge a jury demand "by motion."  *Central Laborers' Pension, Welfare & Annuity Funds v. Parkland Envtl. Group, Inc.*, No. 11 C 3184, 2011 WL 4381429, at *2 (C.D. Ill. Sept. 20, 2011) (citing  Fed.R.Civ.P. 39(a)(2)); Fed. R. Civ. P. 39(a)(2) (when a jury

has been demanded, "[t]he trial on all issues so demanded must be by jury unless . . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."). Moreover, a challenge to Sanchez's request for a jury trial is not an affirmative defense as Sanchez's jury demand has no bearing on whether his claims are viable when the complaint's allegations are accepted as true. *See Intercon*, 969 F. Supp. 2d at 1064. The motion is granted.

Date: January 9, 2015                            /s/
                                              Joan B. Gottschall
                                              United States District Judge